UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARK ANTHONY PLAISANCE | CIVIL ACTION NO. 6:18-cv-00033 |
| VERSUS | JUDGE JAMES |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

**RULING ON MOTION FOR ATTORNEYS' FEES**

Currently pending before the court is the motion for attorneys' fees filed by the appellant, Mark Anthony Plaisance, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Rec. Doc. 21). Mr. Plaisance seeks to recover the sum of $8,443.98 (representing 67.25 hours of attorney time at the rate of $125 per hour plus expenses of $37.73). The Commissioner of the Social Security Administration objected to certain amounts sought to be recovered. (Rec. Doc. 23). For the reasons set forth below, the undersigned finds that Mr. Plaisance's motion should be granted in part and denied in part.

**Background Information**

In November 2010, Mr. Plaisance filed applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). After his applications were denied, Mr. Plaisance requested a hearing, which was held on February 28, 2012. On June 21, 2012, Administrative Law Judge Michael M.

Wahlder issued a ruling[1] in which he found that Mr. Plaisance was not disabled. Mr. Plaisance appealed the ruling, in a proceeding styled *Plaisance v. Social Security Administration*, bearing Civil Action No. 6:13-cv-02365 on the docket of this court. This Court determined that certain of the ALJ's findings were not supported by substantial evidence and recommended that the matter be remanded for further administrative proceedings. On September 3, 2014, the district court adopted the report and recommendation and issued a judgment ordering remand.[2] The judgment expressly stated that the matter was being remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).[3] A footnote in the judgment explained that a "fourth sentence remand constitutes a 'final judgment' that triggers the filing period for an EAJA fee application."[4] However, the record of Civil Action No. 6:13-cv-02365 contains no evidence that an application for EAJA fees was ever filed.

Following remand, a hearing was held on October 14, 2015 before Administrative Law Judge Mary Gattuso. On December 17, 2015, Judge Gattuso issued a ruling in which she found that Mr. Plaisance was not disabled.[5] Mr.

---

[1] Rec. Doc. 12-2 at 580-588.

[2] Rec. Doc. 12-2 at 598.

[3] Rec. Doc. 12-2 at 598.

[4] Rec. Doc. 12-2 at 598.

[5] Rec. Doc. 12-2 at 492-505.

Plaisance appealed the ruling in a lawsuit styled *Mark Plaisance v. Carolyn W. Colvin, Acting Commissioner of Social Security*, bearing Civil Action No. 6:16-cv-00210 on the docket of this court. In response, the Commissioner moved for the ALJ's decision to be reversed and remanded.[6] On December 19, 2016, the court issued a judgment reversing and remanding Judge Gattuso's ruling pursuant to the fourth sentence of 42 U.S.C. § 405(g).[7] As noted above, a fourth sentence remand constitutes a final judgment that triggers the filing period for an EAJA fee application. But the record of Civil Action No. 6:16-cv-00210 contains no evidence that a petition for EAJA fees was ever filed.

After the second remand, a hearing was held on July 12, 2017 before Administrative Law Judge Kim A. Fields. On November 15, 2017, Judge Fields issued a ruling, which again found that Mr. Plaisance was not disabled.[8] Mr. Plaisance appealed Judge Fields's ruling in this proceeding, Civil Action No. 6:18-cv-00033. This Court found that certain of the ALJ's findings were not supported by substantial evidence in the record and were reached without application of the proper legal standards. This Court consequently recommended that the ALJ's

---

[6] Rec. Doc. 12-3 at 715-718.

[7] Rec. Doc. 16 in Civil Action No. 6:16-cv-00210.

[8] Rec. Doc. 12-3 at 559-571.

adverse ruling should be reversed and benefits should be paid to Mr. Plaisance.[9] In a judgment dated June 25, 2019, the district court adopted this Court's findings, reversed Judge Fields's decision, and remanded the matter to the Commissioner of Social Security with instructions to pay Mr. Plaisance DIB and SSI benefits beginning April 21, 2009.[10] The judgment expressly stated that the matter was being reversed and remanded pursuant to 42 U.S.C. § 405(g) and further stated that a fourth sentence remand constitutes a final judgment that triggers the filing period for an EAJA fee application.[11]

Thus, in the lengthy history of Mr. Plaisance's application for Social Security benefits, there were three final decisions that triggered deadlines for seeking EAJA fees, but only one petition for the recovery of EAJA fees was filed – the instant motion. Mr. Plaisance now seeks to recover the fees and expenses incurred by his counsel between May 2014 and July 2019.

---

[9] Rec. Doc. 19.

[10] Rec. Doc. 20.

[11] Rec. Doc. 20.

## Analysis

**A.     The Award Of Attorneys' Fees Pursuant To The EAJA.**

The EAJA permits the recovery of attorneys' fees and expenses in proceedings for judicial review of an agency's action.[12] The purpose of the statute is "to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers"[13] or, in other words, "to eliminate for the average person the financial disincentive to challenge unreasonable government actions."[14] A party is entitled to recover attorneys' fees pursuant to the EAJA if his net worth is less than $2 million;[15] he is the prevailing party; he filed a timely fee application; the government's position was not substantially justified; and no special circumstances make an award unjust.[16] An award of attorney's fees and expenses under the EAJA must also be reasonable.[17] In

---

[12]    28 U.S.C. § 2412(d)(1)(A).

[13]    *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988).

[14]    *Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (quoting *Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995)).

[15]    28 U.S.C. § 2412(d)(2)(B).

[16]    28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[17]    28 U.S.C. § 2412(b).

this case, the Commissioner contested only whether Mr. Plaisance's fee petition was timely filed.

### 1. Mr. Plaisance's Net Worth.

Mr. Plaisance filed his latest appeal *in forma pauperis*,[18] and he was found to be eligible for SSI benefits.[19] Furthermore, the Commissioner did not challenge Mr. Plaisance's representation that his net worth is less than $2 million. Accordingly, this Court finds that this requirement for an award of EAJA attorneys' fees is satisfied.

### 2. Mr. Plaisance was the Prevailing Party.

The Fifth Circuit has explained that "[a] party prevails by succeeding on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"[20] In particular, a party who obtains reversal or remand of a Social Security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.[21] Mr. Plaisance successfully appealed

---

[18] Rec. Doc. 3.

[19] Rec. Docs. 19, 20.

[20] *Squires-Allman v. Callahan*, 117 F.3d at 920 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

[21] *Rice v. Astrue*, 609 F.3d 831, 833 (5th Cir. 2010); *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993)).

three adverse rulings of the Commissioner. Therefore, there is no dispute that he was the prevailing party with regard to all three appeals.

### 3. The Commissioner's Opinion was not Substantially Justified.

For Mr. Plaisance to recover attorneys' fees under the EAJA, the Commissioner's position in denying benefits must not have been "substantially justified."[22] "The standard for determining whether the government's position is substantially justified is whether the position is 'justified to a degree that could satisfy a reasonable person.'"[23] The burden is on the government to prove that its position was substantially justified.[24] In this case, the Commissioner did not argue that its position was substantially justified. Furthermore, the district judge remanded the case for the payment of benefits after adopting this Court's findings that, in certain respects, the ALJ's findings were not reached through the application of proper legal standards and were not supported by substantial evidence in the record. Consequently, this Court finds that the Commissioner failed to prove that its position in this case was substantially justified.

---

[22] See 28 U.S.C. § 2412(d)(1)(A).

[23] *Hernandez v. Barnhart*, 202 Fed. App'x 681, 682 (5th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[24] *Baker v. Bowen*, 839 F.2d at 1080.

### 4. There are No Special Circumstances.

The EAJA disqualifies an applicant from an award of attorneys' fees if there are special circumstances making an award unjust.[25] It is the government's burden to prove that such special circumstances exist.[26] Other than arguing that Mr. Plaisance's fee petition was not timely, the Commissioner did not object to his motion for attorneys' fees and, more particularly, did not articulate any special circumstances that would make an award of fees unjust in this case. This Court therefore finds that no special circumstances exist that would make an award of attorneys' fees unjust in this case.

### 5. The Timeliness of the Appellant's Fee Application.

Mr. Plaisance seeks to recover under the EAJA the attorneys' fees and expenses he incurred between May 2014 through July 2019. The Commissioner argued that Mr. Plaisance's motion was not timely with regard to the fees incurred in connection with his appeal of the first two adverse rulings. The Commissioner did not argue that Mr. Plaisance is not entitled to recover the attorneys' fees incurred in appealing the third adverse ruling.

---

[25] 28 U.S.C. § 2412(d)(1)(A).

[26] *Baker v. Bowen*, 839 F.2d at 1080.

Under the EAJA, a prevailing party must submit an application for fees and expenses "within thirty days of final judgment in the action."[27] For purposes of the EAJA, final judgment is defined as "a judgment that is final and not appealable. . . ."[28] Rule 4(a) of the Federal Rules of Appellate Procedure states that, in a civil case to which a federal officer is a party, the time for appeal does not end until sixty days after the entry of judgment. The EAJA's thirty-day time limit runs from the end of the period for appeal.[29] Therefore, when the Commissioner does not file an appeal within the sixty-day period for appeal of a court's ruling on a Social Security appellant's request for judicial review of an adverse decision, an applicant seeking fees pursuant to the EAJA has thirty days after the sixty-day period for appeal has run to submit a fee petition.[30] As the Fifth Circuit has explained: "In sentence four cases, the filing period [for fee applications under the EAJA] begins after the final judgment. . . is entered by the court and the appeal period has run, so that the judgment is no longer appealable."[31] "Thus, a party has 30 days after this sixty-day time period to seek an EAJA award of fees. After the thirty-day time

---

[27] 28 U.S.C. § 2412(d)(1)(B).

[28] 28 U.S.C. § 2412(d)(2)(G). See, also, *Murkeldove v. Astrue*, 635 F.3d at 792.

[29] See *Shalala v. Schaefer*, 509 U.S. at 298.

[30] 28 U.S.C. § 2412(d)(1)(B).

[31] *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

9

period, an EAJA award is no longer available."[32] Indeed, the thirty-day time period is jurisdictional; therefore, the district court lacks jurisdiction to award attorneys' fees when the fee petition is filed more than thirty days after the judgment becomes final and non-appealable.[33]

In support of his petition for attorneys' fees, Mr. Plaisance submitted a detailed statement from his attorney, showing time and expenses incurred while working on this matter from May 6, 2014 through July 25, 2019. Mr. Plaisance argued that his fee petition was timely because the June 25, 2019 judgment became final when the Commissioner failed to file objections to this Court's report and recommendation.[34] But the judgment was not issued until after the time allotted for objecting to the report and recommendation had already elapsed. Therefore, this argument lacks merit. Although Mr. Plaisance seeks to recover the fees and expenses that his counsel incurred during the entire 2014 to 2019 time period, his motion for attorneys' fees was filed too late with regard to his appeal of the first two unfavorable rulings.

Mr. Plaisance appealed the first unfavorable administrative ruling to the district court, and the district court issued a favorable final judgment on September

---

[32] *Murkeldove v. Astrue*, 635 F.3d at 792.

[33] *Briseno v. Ashcroft*, 291 F.3d 377, 380 (5th Cir. 2002) (per curiam).

[34] Rec. Doc. 21 at 5.

3, 2014. The delay for appealing that judgment to the Fifth Circuit Court of Appeals expired sixty days later on November 2, 2014. The thirty-day time period for seeking the recovery of attorneys' fees under the EAJA ran from November 3, 2014 to December 3, 2014. But there is no evidence that a fee petition was filed in that time frame. Therefore, Mr. Plaisance cannot recover any attorneys' fees incurred in connection with his appeal of the district court's September 3, 2014 judgment.

Mr. Plaisance appealed the second unfavorable administrative ruling to the district court, and the Commissioner sought remand of the ruling. The district court issued its second favorable final judgment on December 19, 2016. The delay for appealing that judgment to the Fifth Circuit Court of Appeals expired sixty days later on February 17, 2017. The thirty-day time period for seeking the recovery of attorneys' fees under the EAJA ran from February 18, 2017 to March 19, 2017. But there is no evidence that a fee petition was filed in that time frame. Therefore, Mr. Plaisance cannot recover any attorneys' fees incurred in connection with his appeal of the district court's December 19, 2016 judgment.

By failing to file EAJA fee petitions within thirty days after the expiration of the appeal delays for the first two favorable judgments, Mr. Plaisance lost the

opportunity to recover the fees incurred with regard to his appeals of the first two adverse rulings.[35]

The district court issued a third favorable final judgment on June 25, 2019. The delay for appealing that judgment to the Fifth Circuit Court of Appeals did not expire until sixty days later – on August 24, 2019. The thirty-day time period for seeking the recovery of attorneys' fees under the EAJA ran from August 25, 2019 to September 23, 2019. Therefore, to be timely, Mr. Plaisance had to file his fee petition no earlier than August 24, 2019 and no later than September 23, 2019. But Mr. Plaisance filed his fee petition on July 25, 2019 (Rec. Doc. 21), without waiting for the appeal delays to expire. Accordingly, his fee application was premature. An EAJA fee application can be dismissed on the basis of prematurity.[36]

Although Mr. Plaisance's motion was premature when it was filed, the appeal delays for the June 25, 2019 judgment ran without the Commissioner seeking to appeal the judgment. The judgment is now final and non-appealable, and the Commissioner did not object to the motion on the basis that it was premature. The time period for filing a timely fee motion does not expire until September 23. This

---

[35] See, e.g., *Brandt v. Barnhart*, 285 F.Supp.2d 917, 918 (S.D. Tex. 2003); *Londo v. McMahon*, No. 06-2087, 2009 WL 87595, at *2 (W.D. La. Jan. 12, 2009).

[36] See, e.g., *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) ("These initial [EAJA attorneys' fee] applications were premature. . . . The district court denied the applications."); *Lewis v. Sullivan*, 752 F.Supp. 208, 211 (E.D. La. 1990) ("the Court. . . must deny Lewis' application [for EAJA attorneys' fees] as premature.")

12

Court therefore finds that it would be a futile exercise to dismiss Mr. Plaisance's motion as premature only to have it filed again within days so as to meet the September 23 deadline. In other similar cases, fees have been awarded,[37] and this Court finds that since the appeal delays have now expired and the judgment is now both final and non-appealable, the premature filing of Mr. Plaisance's fee application is no longer an obstacle to his recovery of attorneys' fees.

In summary, this Court finds that Mr. Plaisance has shown that his net worth is less than $2 million, he is the prevailing party, the Commissioner's denial of benefits was not substantially justified, and there are no special circumstances that would render the award of attorney fees unjust. Mr. Plaisance also established that his EAJA application was timely filed only with regard to the attorney time and expenses incurred with regard to his appeal of the third adverse ruling. Next, this Court must determine whether the attorneys' fees and expenses sought to be recovered by Mr. Plaisance are reasonable.

**B.      The Reasonableness Of the Claimed Attorneys' Fees and Expenses.**

---

[37]    See, e.g., *Green v. Commissioner, Social Security Administration*, No. 6:11-CV-625, 2013 WL 9816608, at *2 n. 1 (E.D. Tex. Apr. 15, 2013) (although "Plaintiff filed his motion. . . prematurely[,]. . . the judgment is now final and in any event, the Commissioner does not object to the award despite the premature filing."); *Collison v. Commissioner of Social Security*, No. 07-1175, 2008 WL 5156476, at *1 n. 1 (W.D. La. Dec. 5, 2008) ("[T]he instant application . . . was premature. Rather than deny the motion, the undersigned deferred ruling on the motion until after the delays had run.").

The EAJA permits recovery of reasonable attorneys' fees based on prevailing market rates.[38] As the fee applicant, Mr. Plaisance bears the burden of demonstrating the reasonableness of the number of hours expended on the claim.[39] As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."[40] Therefore, this Court must determine whether the hours claimed by Mr. Plaisance's attorney are reasonable, whether her hourly billing rate was consistent with the prevailing market rates, and whether the claimed costs and expenses are reasonable.

This Court reviewed the itemized billing statement submitted by Mr. Plaisance. According to the statement submitted in support of the fee petition, Mr. Plaisance's counsel spent a total of 67.25 hours working on his case at the rate of $125.00 per hour, for a total of $8,406.25 in attorneys' fees plus $37.73 in expenses, for a total requested award of $8,443.98. As noted above, however, only the time spent on the judicial appeal of the most recent adverse ruling by an ALJ can be recovered. The third adverse ruling was issued on November 15, 2017. Therefore, only work done after that date could reasonably have been performed on the appeal of that ruling.

---

[38] 28 U.S.C. § 2412(d)(2)(A).

[39] *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

[40] *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

The Commissioner did not object to Mr. Plaisance's counsel being compensated for the work performed on January 5, 2018 and thereafter at the hourly rate requested by Mr. Plaisance. The Commissioner claimed that this work totaled 23.5 hours at a rate of $125 per hour or $4,112.50. But the Commissioner made two arithmetic errors. The statement submitted by Mr. Plaisance's shows 23 hours of work from January 4, 2018 through July 25, 2019 – not 23.5 hours. Also, 23 hours at $125.00 per hour equals $2,875.00 in fees sought to be recovered during that time period – not $4,112.50.

This Court finds it to be reasonable for Mr. Plaisance's counsel to be compensated for the 23 hours expended from January 5, 2018 through July 25, 2019. This Court also finds it to be reasonable for Mr. Plaisance's counsel to be compensated for the one hour of time that she spent on November 20, 2017, reviewing the ALJ's unfavorable decision and notifying her client about the decision and "the need for third appeal."[41] Thus, the total number of attorney hours worked after the third unfavorable administrative ruling was issued is 24, and this Court finds that number to be reasonable. These hours were spent advancing Mr. Plaisance's appeal of the unfavorable ruling by drafting pleadings, reviewing the evidence, researching relevant issues, drafting and revising the brief, and conferring with the

---

[41] Rec. Doc. 21-3 at 4.

claimant. A favorable result was obtained, and the hours submitted by Mr. Plaisance's counsel furthered his case. Accordingly, the undersigned finds that the 24 hours spent on this case by Mr. Plaisance's attorney was reasonable.

The undersigned further finds that Mr. Plaisance's attorney should be compensated at the hourly rate of $175 per hour, which is the prevailing rate in this district,[42] rather than the $125.00 per hour requested in the fee petition.

Finally, this Court finds that it would be reasonable for Mr. Plaisance's counsel to be reimbursed for the expenses she incurred after the third adverse ruling was issued, which consist of mailing costs in the amount of $21.23. Taxation of costs under 28 U.S.C. § 1920 is authorized under EAJA.[43] Costs include the filing fee and fees for printing and copies.[44] Litigation expenses also are compensable under the EAJA provided they are reasonable and necessary.[45] The Commissioner

---

[42] In *Montgomery v. Colvin*, No. 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016), the court weighed cost of living increases since 2014 against prevailing market conditions and the healthy community of social security practitioners in this area and implemented an hourly rate of $175.00 per hour for EAJA petitions for services performed in 2014 and going forward. See, also, *Lott v. Berryhill*, No. 17-0783, 2018 WL 6920115, at *1 (W.D. La. Dec. 17, 2018), report and recommendation adopted, 2019 WL 80869 (W.D. La. Jan. 2, 2019) (adopting an hourly rate of $175 per hour for work performed by an attorney); *Parrish v. Colvin*, No. 15-0581, 2016 WL 6581357, at *1 (W.D. La. Aug. 25, 2016) (same).

[43] 28 U.S.C. § 2412(a).

[44] 28 U.S.C. § 1920(a)(1).

[45] *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

did not object to the recovery of these sums, but asked that, for source of payment purposes, that the postage charges be categorized as expenses. The court will so oblige, and otherwise finds that the requested expenses are reasonable and necessary.

Accordingly, this Court finds that Mr. Plaisance's attorney should be paid fees calculated on the basis of 24 hours at $175.00 per hour or $4,200.00 plus expenses of $21.23, for a total award of $4,221.23.

The Supreme Court has held that EAJA awards are payable directly to the prevailing party, not his attorney,[46] and the Fifth Circuit has reiterated this point.[47] Accordingly, the award of attorneys' fees and costs should be made payable directly to Mr. Plaisance but sent in care of his attorney.

## Conclusion

This Court finds that Mr. Plaisance is entitled to an award of attorneys' fees pursuant to the EAJA because he is the prevailing party, his fee request was timely in part, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust. This Court further finds that 24 hours of work by Mr. Plaisance's attorney were reasonable and necessary, that the prevailing market rate for attorneys representing clients seeking Social Security awards is $175 per hour, and that mailing expenses in the amount of $21.23 were

---

[46] *Astrue v. Ratliff*, 560 U.A. 586, 593 (2010).

[47] *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013).

17

also reasonable and necessary, justifying an award in the total amount of $4,221.23. Accordingly,

For the foregoing reasons,

**IT IS ORDERED** that Mr. Plaisance's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. More particularly, the motion is granted with regard to the attorneys' fees and expenses incurred during the time period from November 20, 2017 through July 25, 2019 and the motion is denied with regard to the attorneys' fees and expenses sought to be recovered but incurred before November 20, 2017.

**IT IS FURTHER ORDERED** that the sum of $4,221.23 is awarded to Mr. Plaisance as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check to Mr. Plaisance's counsel made payable to Mark Anthony Plaisance in the amount of $4,221.23.

Signed at Lafayette, Louisiana, this 4th day of September 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE